IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DOUGLAS NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02537-KHV-TJJ |
| | ) | |
| TOWN AND COUNTRY HEATING | ) | |
| AND AIR CONDITIONING | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Strike (ECF No. 23). Defendants move pursuant to D. Kan. Rule 7.1(d)(1), to strike Plaintiff's Response to Defendants' Motion for Protective Order for exceeding the page limit. Plaintiff filed a response to the motion arguing the response is within the proper page limit, as the motion is not a "discovery motion," and the page limit is therefore governed by D. Kan. Rule 7.1(d)(3). Upon consideration of the matter, and for the reasons set forth below, the Court will grant the motion.

**I.    Background**

On February 21, 2025, Defendants filed a Motion for Protective Order (ECF No. 20). Defendants' motion states the parties agree to the need for a Protective Order, but do not agree on the terms of the Protective Order.[1] Defendants' motion is four pages in length. On March 4, 2025, Plaintiff filed his Response to Defendants' Motion for Protective Order (ECF No. 22), opposing Defendants' proposed protective order.[2] Plaintiff's response is fourteen pages in length.

---

[1] *See* Defs.' Mot. for Protective Order (ECF No. 20).
[2] *See* Pl.'s Response to Defs.' Mot. for Protective Order (ECF. No. 22).

Defendants then filed the current Motion to Strike on March 5, 2025, arguing Plaintiff's response violates the page limit set forth in D. Kan. Rule 7.1(d)(1).[3] Plaintiff's response to the Motion to Strike, filed on March 6, 2025, argues the Motion for Protective Order should not be considered a "discovery motion," but rather an "other motion," and governed by the page limit requirement set forth in D. Kan. Rule 7.1(d)(3).[4]

## II.     Legal Standards

D. Kan. Rule 7.1(d) governs page limits applicable to briefs on motions. The Rule contains four subparts and sets different page limits for different types of motions. Relevant here, D. Kan Rule 7.1(d)(1) pertains to "Discovery-related motions," and limits principal briefs in support of, or in response to, discovery-related motions to no more than 10 pages and replies to no more than 3 pages. "All other motions,"—meaning all motions other than discovery-related motions, summary judgment motions, and class certification motions[5]—are governed by D. Kan. Rule 7.1(d)(3) which limits principal briefs in support of, or in response to, all other motions to no more than 15 pages and replies to no more than 5 pages. "The page limit is primarily intended to preclude burdening or delaying the work of the court and is not for the convenience of the parties. Judicial economy and concise argument are purposes of the page limit."[6]

At issue here is whether the Motion for Protective Order is properly categorized as a "discovery-related motion" or falls under the umbrella of "all other motions." What constitutes a discovery-related motion is not defined in the local rules. The rules concerning protective orders

---

[3] Defs.' Joint Mot. to Strike (ECF No. 23).
[4] Pl,'s Suggestions in Opposition to Defs.' Mot. to Strike Pl.'s Response (ECF No. 24).
[5] Page limits for motions for summary judgment and class certification are dictated by D. Kan. Rule 7.1(d)(2).
[6] *Rhoten v. Dickson*, No. 04-4160-SAC, 2006 WL 2414057, at *1 (D. Kan. July 25, 2006) (internal citations and quotations omitted).

are contained in Federal Rule of Procedure 26, which governs discovery generally.  The first sentence of Federal Rule of Civil Procedure 26(c) states: "A party or any person from whom discovery is sought may move for a protective order . . . ."  Rule 26(c) expressly protects a party from annoyance, embarrassment, oppression, or undue burden or expense, upon a finding of good cause, by outright forbidding discovery or imposing limitations or conditions on discovery as set out in Rule 26(c)(1)(A)–(H).  Clearly, a motion for protective order is a "discovery-related motion" under D. Kan. Rule 7.1(d)(3).[7]

Because a Motion for Protective Order is a discovery-related motion, it is subject to the page limits set forth in D. Kan. Rule 7.1(d)(1).  Therefore, Plaintiff's fourteen-page response to the Motion to Strike is well beyond the ten-page limit allowed by D. Kan. Rule 7.1(d)(1).  The Court finds that in the interest of judicial economy and concise argument[8] it is necessary to strike Plaintiff's Response to Defendants' Motion for Protective Order.  The Court, however, will allow Plaintiff to refile their response to the Motion for Protective Order, complying with D. Kan. Rule 7.1(d)(1), within two (2) days of this Order.  In accordance with D. Kan. Rule 6.1(d)(4), Defendants' reply will be due seven (7) days later.

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Strike (ECF No. 23) is GRANTED.

---

[7] *See CST Indus., Inc. v. Tank Connection LLC, et al.*, No. 23-2339-JAR-RES, 2025 WL 660890, at *9 (D. Kan. Feb. 28, 2025) (under Fed. R. Civ. P. 37(b) for violation of a discovery-related order, the Court found it had authority to exercise its discretion in determining whether to impose sanctions for violation of a stipulated protective order); *Angelton v. Coffeyville Res. Refin.*, No. 08-1255-EFM, 2010 WL 2362262, at *1 (D. Kan. June 10, 2010) (motion for protective order concerned discovery related to issues in the case).
[8] *See Rhoten v. Dickson*, No. 04-4160-SAC, 2006 WL 2414057, at *1 (D. Kan. July 25, 2006).

IT IS FURTHER ORDERED that if Plaintiff chooses to do so, Plaintiff may refile his Response to the Motion for Protective Order in compliance with D. Kan. Rule 7.1(d)(1) within two (2) days of this Order.

Dated this March 10, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge