IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02537-KHV-TJJ |
| ) | |
| TOWN AND COUNTRY HEATING ) | |
| AND AIR CONDITIONING ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Protective Order (ECF No. 20). Defendants request the entry of a protective order governing discovery in this matter. Plaintiff filed a response to the motion, stating he does not object to the entry of a protective order, but arguing Defendants' proposed protective order seeks to block documents from the record which are central to the action (ECF No. 26). Upon consideration of the matter, and for the reasons set forth below, the Court will grant the motion and enter the protective order proposed by Defendants with the modifications explained below.

**I.   Background**

Plaintiff brings this suit against his former employer, Town and Country Heating and Air Conditioning Company ("T and C") and its owner, Mallory Mertz (collectively "Defendants"). Plaintiff alleges Defendants discriminated and retaliated against him on the basis of disability and age.

On February 11, 2025, the Court held a Scheduling Conference in this matter.[1] At the Scheduling Conference, the Court inquired about the parties' need for and agreement to enter a

---
[1] *See* Minute Entry, ECF No. 14.

protective order. Due to the nature of Plaintiff's allegations, Defendants indicated they anticipate confidential information about Plaintiff and Defendants, and their current and former employees, may be produced during discovery. The parties indicated they had discussed the need for a protective order, but still disagreed on some of the terms. The Court provided the parties with guidance and set a deadline for the parties to file a motion for protective order if they could not resolve the dispute.

On February 21, 2025, Defendants filed a Motion for Protective Order (ECF No. 20). Defendants' Motion argues a protective order is necessary to protect the disclosure of confidential information and information the Parties have not made publicly available. Further, Defendants argue disclosure of such confidential information could result in annoyance, embarrassment, oppression, competitive harm, or undue burden or expense for the parties and third parties. Defendants' proposed protective order is attached as Exhibit A to their Motion.

Plaintiff filed his response to the Motion on March 11, 2025[2] (ECF No. 26). Plaintiff's response indicates he is not opposed to the entry of a protective order, but he is opposed to the breadth of Defendants' proposed protective order. Plaintiff also submitted a proposed protective order, attached as Exhibit A to his response.

Both Plaintiff's and Defendants' proposed protective orders follow the form protective order on the District of Kansas's public website. Neither Plaintiff's nor Defendants' proposed protective order seeks to limit or prohibit the scope of discovery, discoverable material, or discovery requests. The proposed protective orders only seek to facilitate certain discovery by labeling certain documents as confidential. Plaintiff's proposed protective order is largely the

---

[2] Plaintiff originally filed a response to the Motion on March 4, 2025. Plaintiff's response failed to comply with D. Kan. Rule 7.1(d)(1) and was struck by the Court on March 10, 2025. *See* Memorandum and Order Granting Mot. to Strike, Doc. 25.

same as that proposed by Defendants. The only disputes are contained in the introductory paragraph outlining the facts in the case that would warrant limiting disclosure and/or use of information, and under paragraph 2, the definitions of confidential information.[3] However, this information is gleaned from comparing the parties' proposed protective orders—neither Defendants nor Plaintiff make substantive arguments regarding the inclusion of specific categories of protected documents in their briefing. Plaintiff's response to the motion largely focuses on individual documents or information Defendants seek to keep confidential under the terms of the protective order, rather than the terms of the protective order itself.[4]

## II.     Legal Standards

Federal Rule of Civil Procedure 26(c)(1) permits the court for good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party that seeks the protective order bears the burden to show good cause.[5] To establish good cause the party "must make a particular and specific demonstration of fact, and may do so on a generalized basis, as opposed to a document-by-document basis. If the party seeking protection shows good cause to believe discovery will involve confidential or protected information, agreement to enter a blanket protective order between the parties is not required."[6] The purpose of a blanket protective order is to ensure information designated by a party as

---

[3] *See* Defs.' Mot. for Protective Order, Ex. A; Pl.'s Response to Mot. for Protective Order, Ex. A.
[4] From the parties briefing and attached exhibits the parties clearly exchanged discovery prior to the entry of a protective order with certain documents marked as "confidential." Because there is not a protective order in place, the Court cannot determine whether specific documents would fall within the "Definition of Confidential Information." *See* Defs.' Reply, ECF No. 30.
[5] *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-2068-JWB, 2020 WL 6559426, at *1 (D. Kan. Nov. 9, 2020) (citing *Univ. of Kansas Center for Research, Inc. v. United States, et al.*, No. CIV-A 08-2565-JAR-DJW, 2010 WL 571824 (D. Kan. Feb. 12, 2010)).
[6] *Yomi v. Becerra*, No. 21-2224-DDC, 2022 WL 36413, at *1 (D. Kan. Jan. 4, 2022).

confidential is protected from disclosure outside the litigation and used only for purposes of prosecuting or defending the action (and any appeals). The Tenth Circuit has recognized the usefulness of blanket protective orders, limiting the parties' use of discovery to the litigation in which it is obtained, as they allow for "full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information . . . ."[7]

"Because the Federal Rules of Civil Procedure do not expressly limit the parties' use of discovery to the litigation in which it is obtained, the parties themselves often agree and jointly request the court enter a proposed stipulated protective order that limits the disclosure, use, and dissemination of confidential information exchanged during discovery."[8] This District has an approved form protective order and published Guidelines for Agreed Protective Orders for the District of Kansas ("Protective Order Guidelines") which requires the parties to limit their designation of confidential information to specific and narrow categories of information they seek to protect.[9]

The District's Protective Order Guidelines provide, if the parties disagree about the need for a protective order and/or its scope or language, the party seeking such an order must file an appropriate motion with the proposed protective order attached. Protective Order Guidelines require the scope of the protective order be "narrowly tailored and not overbroad," and must include a "sufficiently narrow identification of the categories of documents, information, items,

---

[7] *Id.* (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).
[8] *Holman v. Future Growth, LLC et al.*, No. 24-CV-1012-EFM-TJJ, 2024 WL 3677604, at *3 (D. Kan. Aug. 2, 2024).
[9] Form Protective Order, https://www.ksd.uscourts.gov/civil-forms; Protective Order Guidelines, https://www.ksd.uscourts.gov/district-kansas-guidelines.

or materials (which may include electronically created or stored information) that are subject to the protective order."[10] The Protective Order Guidelines also require the protective order clearly reflect that its provisions only apply to the named categories of documents, information, items, or materials. Finally, the Protective Order Guidelines prohibit the parties from including in the protective order "information or documents that are available to the public or that have not been previously maintained in a confidential manner."[11]

### III. Plaintiff's Objections to Defendants' Proposed Protective Order

Plaintiff does not argue a protective order is unnecessary in this case, but argues it is appropriate for only a certain few, narrowly-tailored categories of documents. Accordingly, Plaintiff objects to the entry of Defendants' proposed protective order on six bases, arguing: (1) Defendants failed to comply with D. Kan. Rule 37.2; (2) Defendants' proposed order fails to comply with the Protective Order Guidelines; (3) Defendants' motion fails to demonstrate good cause because it is based on stereotypes and conclusory statements; (4) the documents Defendants seek to keep out of the public record have not been previously maintained in a confidential manner; (5) Defendants' employee policies are already a matter of public record; and (6) Defendants' motion fails to demonstrate good cause because it does not clearly define and show very serious injury sufficient to warrant blocking from the public documents used to determine litigants' substantive legal rights. Plaintiff's arguments, however, have very little to do with the categories of confidential documents proposed by Defendants. The Court now addresses these arguments in turn.

#### A. Compliance with D. Kan. Rule 37.2.

---

[10] Protective Order Guidelines, at ¶ 2.
[11] *Id.*

5

D. Kan. Rule 37.2 requires before the filing of a discovery-related motion, the moving party must make reasonable efforts to confer with opposing counsel. The rule requires "the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[12] Movants are also required to "describe with particularity the steps taken by all attorneys to resolve the issues in dispute."[13]

Plaintiff argues Defendants' Motion should be denied because Defendants failed to state with particularity the steps taken by all attorneys to resolve the dispute. The Court disagrees. Defendants' Motion states the parties participated in an informal conference with the Court during the scheduling conference, and the parties subsequently continued to confer. The Court notes that during the conference, the parties informed the Court of their disputes regarding their protective order, and attempts to resolve them, prior to the Court providing the parties with guidance and setting a deadline to file the present motion. Further, in their Reply, Defendants indicate the parties had a telephone conversation and exchanged numerous emails outlining the parties' continuing disagreements regarding the protective order.[14] Plaintiff's sur-reply shows Plaintiff also participated in such conversations in good faith. The Court finds the parties complied with D. Kan. Rule 37.2, and Defendants met their obligation to meet and confer prior to the filing of their Motion.

### B. Compliance with the Protective Order Guidelines.

Plaintiff argues Defendants' proposed protective order fails to comply with the Protective Order Guidelines. Plaintiff argues "Defendants seek to block from the record an entire broad

---

[12] D. Kan. Rule 37.2.
[13] *Id.*
[14] Defendants attached their email communications as exhibits to their Reply. *See* Defs.' Reply in Support of Defs.' Mot for Protective Order, Ex. A (Doc. 30-1).

range of documents and information, including without limitation those central to the issues of this action . . ." and "Defendants ostensibly proposed such broad language to hide *damaging evidence* from the record . . . ."  Ultimately, Plaintiff states "employee office policies and procedures—like those in the employee handbook and other policies Defendants seek to have filed under seal or redacted by agreement and not discussed with potential witnesses—are not proprietary or trade secrets."

Based on these arguments and the authority cited by Plaintiff, he conflates a protective order with an order to seal.  Defendants' proposed protective order, adopting the language of the Court's standard form, resolves this discrepancy, stating: "Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[15]  The protective order sought by Defendants only seeks to facilitate discovery by labeling certain documents as confidential.  As the court noted in *Duncan v. Topeka*,[16]

> To be clear, at this procedural juncture, the court is *not* addressing whether such information may be disclosed to the public.  Rather, the court is simply ruling that, as a threshold matter, defendants may designate this personal information "confidential" when produced in discovery under the provisions of the court's standard form protective order.

The Court finds that Plaintiff's arguments that Defendants failed to comply with the Protective Order Guidelines is without merit.

### C. Defendants' showing of good cause.[17]

---

[15] Defs.' Mot. for Protective Order, Ex. A (Doc. 20-1).
[16] No. 24-2336-DDC-ADM, 2024 WL 5106677, at *2 (D. Kan. Dec. 13, 2024).
[17] The court will take up Plaintiff's third and sixth objections together, as they use the same standards.

Under Federal Rule of Civil Procedure 26(c), "the court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of demonstrating good cause. "In determining whether there is good cause . . . the initial inquiry is whether the moving party has shown that disclosure of the information will result in a clearly defined and very serious injury."[18] To establish good cause, the movant must set out particular and specific facts and cannot rely on conclusory statements.[19] However, "hard and fast rules in this area are inappropriate. Frequently the injury that would flow from disclosure is patent, either from consideration of the documents alone or against the court's understanding of the background facts. The court's common sense is a helpful guide."[20]

Further, "the burden for obtaining a protective order merely limiting the parties' disclosure of confidential information outside of the litigation is less than what is needed when moving for a protective order precluding production of the discovery altogether."[21] Often, parties only offer generalized injuries that are patent from the nature of the documents to support a finding of good cause.[22] For the entry of a protective order only limiting the parties' disclosure of confidential

---

[18] *Mann v. Con-Way Freight*, No. 16-2196-CM, 2016 WL 6164013, at *1 (D. Kan. Oct. 24, 2016).
[19] *Id.*
[20] *Flint Hills Scientific, LLC v. Davidchack*, No. 00-2334-KHV, 2001 WL 1718291, at *1 (D. Kan. Dec. 3, 2001).
[21] *Bowers v. Mortgage Electronic Registration Systems*, No. CIV.A. 10-4141-JTM, 2011 WL 3328524, at *6 (D. Kan. Aug. 2, 2011); *Matson v. Hrabe*, No. 11-3192-RDR, 2013 WL 4483000, at *2 (D. Kan. Aug, 20, 2013) ("The agreement of all parties is not required to enter a blanket protective order as long as the party seeking protection makes some threshold showing of good cause to believe that the discovery will involve confidential or protected information. To meet this burden, the party may establish good cause on a generalized basis.").
[22] *Mann*, 2016 WL 6164013, at *3.

information outside of litigation, the Court requires a "threshold showing of good cause to believe that discovery will involve the disclosure of confidential information."[23]

To support the argument that Defendants failed to show good cause, Plaintiff relies on *Fears v. Walmart Stores, Inc.*[24] In *Fears*, the Court found the Defendant failed to show good cause for the entry of their proposed protective order.[25] However, the proposed protective order at issue failed to describe or limit in any way the types of or the nature of the documents to be protected. Defendants in *Fears* merely stated "information requested by plaintiff and designated as confidential . . . including documents, videotapes, audiotapes and other materials" were to be protected.[26] Defendants' proposed protective order sets out defined categories—as required by the Protective Order Guidelines—and is wholly dissimilar to the protective order at issue in *Fears*.

This Court has routinely found good cause to enter protective orders based on reasons similar to those set forth by Defendants.[27] A "protective order is fairly standard practice in

---

[23] *United Phosphorous Ltd. v. Fox*, No. 03-2024-JWL, 2003 WL 1241847, at *2 (D. Kan. May 2, 2003).
[24] No. CIV. A. 99-2515-JWL, 2000 WL 715819 (D. Kan. May 30, 2000).
[25] *Fears v. Walmart Stores, Inc.*, No. CIV. A. 99-2515-JWL, 2000 WL 715819, at *2 (D. Kan. May 30, 2000).
[26] *Id.* at *1.
[27] *See, e.g.*, *Bowers*, 2011 WL 3328524, at *6 (finding good cause for entry of a protective order where "Defendants assert the discovery will likely involve disclosure of [Defendants'] confidential business records, which are not public and disclosure of which could give its competitors a view of its business operations"); *Dauntless Enterprises, Inc. v. City Wide Franchise Co., Inc.*, No. 22-CV-02237-JAR-TJJ, 2023 WL 4351010, at *2 (D. Kan. July 5, 2023) (finding good cause for entry of a protective order where Defendant asserted discovery will involve disclosure of information that could give its competitors a view of its operations and business); *Mann*, 2016 WL 6164013, at *4 (finding good cause for entry of a protective order where Defendant asserted discovery will involve disclosure of confidential personnel, disciplinary, and compensation-related information about plaintiff and other employees); *Yomi*, 2022 WL 36413, at *2 (finding good cause for entry of a protective order where Defendants asserted discovery would include employment information, personnel records, confidential information related to plaintiff, including plaintiff's medical and employment records)

employment cases and useful to both parties."[28] The Protective Order Guidelines set forth examples of permissible categories of protected information to include "medical records, personnel files, tax returns, financial statements and records proprietary business records, trade secrets, and records whose disclosure is restricted or prohibited by statute."[29] Additionally, as noted above, Plaintiff does not challenge the need for a protective order, rather, he objects to certain documents being classified as confidential. The parties seem to agree discovery will include production of Defendants' business records and other confidential and proprietary information. "A protective order can maintain the confidential nature of the information while allowing efficient discovery, a worthwhile objective in this case."[30]

In its discretion the Court is satisfied, subject to the scope limitations set out in Section IV *infra*, that Defendants have made a threshold showing of good cause to enter a protective order in this case. Defendants specified the information they seek to protect, namely, medical records, mental health records, financial information of Plaintiff and Defendant T and C, personnel files, internal employment policies and procedures of Defendant T and C, and proprietary business information of Defendant T and C. Defendants state such information could include confidential pricing information and tactics used for bidding projects, contracts with suppliers and manufacturers, sales, marketing and strategic business information, and corporate financial information. Defendants further state the disclosure of such information could lead to annoyance and embarrassment to the parties and other third parties, as well as financial and reputational harm. Though Defendants' statements concerning their potential injuries are generalized, the Court nonetheless, following the precedent in this District, finds Defendants have made a

---

[28] *Jaiyeola*, 2020 WL 6559426, at *2.
[29] Form Protective Order, at ¶ 2.
[30] *Bowers*, 2011 WL 3328524, at *6.

threshold showing of good cause for the entry of a protective order limiting the parties' disclosure of confidential information outside of the litigation.[31]

### D. Defendants' maintenance of documents in a confidential manner.

Plaintiff argues documents Defendants seek to mark as confidential under the protective order, specifically Defendants' employee policy handbook, have not been previously maintained in a confidential manner. Plaintiff states the handbook has been widely disseminated to employees without confidentiality agreements and should not now be considered confidential. To support this argument, Plaintiff cites *Jackson v. Coach*,[32] which prevented the designation of an employee handbook, among other documents, as "confidential." In *Jackson*, however, the Court was deciding whether the employee handbook should be treated as confidential under the provisions of a protective order.[33] Again, at issue here is not whether specific documents should be marked "confidential," but whether a protective order should be entered and the contents thereof.[34]

Defendants' proposed protective order, adopting the language of the Court's standard form, outlines in paragraph 8 the procedure for challenging a confidential designation.[35] Under this provision, "[a]ny party may challenge the designation of any material or document as Confidential Information."[36] Plaintiff may, if warranted, challenge a confidential designation

---

[31] *See supra* note 27.
[32] No. 07-2128-JTM-DWB, 2007 WL 2407241, at *2 (D. Kan. Aug. 27, 2007).
[33] *Id.* at *1 (D. Kan. Aug. 27, 2007) ("The real issue before the Court as a result of the present motion, however, is whether the documents at issue (Defendant's employee handbook, operations manual, and various incident reports) should be treated as confidential under the provisions of such a protective order.").
[34] *See Duncan*, 2024 WL 5106677, at *2.
[35] Defs.' Mot. for Protective Order, Ex. A (Doc. 20-1).
[36] Defs.' Mot. for Protective Order, Ex. A (Doc. 20-1).

*after* the entry of the protective order.  However, the Court finds Plaintiff's argument here is without merit and premature at this time.[37]

### E. Defendants' employee policies as a matter of public record.

Plaintiff also argues Defendants' employee policies are already a matter of public record, as they were included in Plaintiff's Complaint, which was not filed under seal.  The Court finds this assertion is not entirely accurate.[38]   Even if Plaintiff's assertion were accurate, Defendants' proposed protective order, again resolves this issue, stating: "Information or documents that are available to the public may not be designated as Confidential Information."  Further, the Court finds, as discussed above, due to the inclusion of the provision allowing for challenges of "confidential information" the Court does not need to determine whether Defendants' employment policies are "non-public confidential information" prior to the entry of the proposed protective order.[39]

### IV.   Defendants' Proposed Categories of Protected Information

Because the briefing on this matter largely concerns specific documents, namely the employee handbook, and whether it should be considered "confidential," there is little to no argument discussing whether the specific categories of confidential information, as proposed by Defendants, are narrowly tailored and not overbroad.   Because the Court finds good cause exists

---

[37] *See Drape v. UPS, Inc.*, No. CIV.A. 12-2172, 2012 WL 4933319, at *5 (D. Kan. Oct. 16, 2012) ("In light of [provision allowing challenges of confidential designations] the Court need not make a determination whether this information is "available to the public" in determining whether to enter the protective order.").

[38] Plaintiff quotes in the Complaint what he claims are some of Defendants' employee policies, but no employee handbook or copy of Defendants' written employee policies are attached to the Complaint.   *See* Complaint (Doc. 1).

[39] *See Drape*, 2012 WL 4933319, at *5; *Duncan*, 2024 WL 5106677, at *2.

12

for the entry of a protective order, it must now determine whether each proposed category of protected information is appropriate.

### A. Defendants' Proposed Paragraph 2a: "Non-public confidential information relating to Defendant T and C's business practices and operations, policies, procedures, and training."

Plaintiff proposes this language be changed to "Defendant's records and information containing sensitive financial matters the disclosure of which could give its competitors a view of its operations and proprietary business practices." Defendants' proposed categories of information reasonably could contain confidential information which should not be disclosed or used outside of the present litigation, and this Court has regularly entered protective orders categorizing such information as confidential.[40] However, the Court does agree the inclusion of the phrase "relating to" may broaden the scope of the protective order beyond what is permitted by the Protective Order Guidelines.[41] The Court will modify Defendants proposed language by striking the phrase "relating to." The language in paragraph 2(a) of the protective order will instead state: "Defendant T and C's non-public confidential records and information of business practices and operations, policies, procedures, and trainings."

### B. Defendants' Proposed Paragraph 2b: "Defendant T and C's confidential and/or proprietary business information (including financial information) and trade secrets."

---

[40] *See Drape,* 2012 WL 4933319, at *5 (entering protective order allowing parties to designate as confidential "any and all medical information, financial information, trade secret or proprietary or confidential business operations and practices information and employment or personnel information related to parties, current or former employees of parties, or witnesses in this case."); *Mann*, No. 16-2196-CM, 2016 WL 6164013, at *1 (entering a protective order allowing parties to designate as confidential "(1) personnel file documents; (2) disciplinary documents; (3) compensation-related documents; (4) internal policies and procedures of defendant not made generally known to the public that constitute confidential business information; and (5) internal documents pertaining to defendant's assets and financial data.").
[41] Protective Order Guidelines, at ¶ 2 (protective order "must include a sufficiently narrow identification of categories of documents, information, items, or material (which may include electronically stored information) that are subject to the protective order.").

Plaintiff proposes the phrase "and/or" be taken out. "For this type of protective order, it is sufficient that Defendants recite the fact that some business operations are not generally known to competitors who could use information discovered in this case to diminish the competitive edge provided by Defendants' trade secrets or proprietary information."[42] The Court finds Defendants recite sufficient facts and justification to include this provision in the protective order, and Plaintiff's proposed language does little to ultimately change what would be included in this category of protected information. However, the Court finds the inclusion of the parenthetical "including financial information" to be too broad and strikes it from the category of protected information.[43] Financial information is addressed and limited in paragraph 2c, as discussed *infra*.

### C. Defendants' Proposed Paragraph 2c: "Non-public confidential information relating to the financial and/or tax information of the parties and third-parties."

Plaintiff proposes this language be changed to "financial and tax information of the parties or third parties." Plaintiff's only objections are to the inclusion of the phrases "non-public confidential information" and "relating to." The Court directs the parties to paragraph 2 of the District's form protective order which states:

> "Confidential information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside of the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interest of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents . . . .

---

[42] *Bowers*, 2011 WL 3328524, at *6 (adopting proposed protective order that includes "confidential, non-public security, trade secret or proprietary information" as a category of protected information).

[43] Protective Order Guidelines, at ¶ 2 ("'this protective order shall apply to all business records' is too vague and overbroad.").

The inclusion of the phrase "non-public confidential information" in each proposed category of confidential information refers back to this definition. As such, the Court does not believe that the inclusion or exclusion of the phrase changes what documents are considered confidential information.

As stated above, the Court agrees that the inclusion of the phrase "relating to" may broaden the scope of the Protective Order beyond what is permitted in the Protective Order Guidelines and will be struck. Additionally, the Court more narrowly defines the category to only include "financial statements and tax returns," to comply with the Protective Order Guidelines.[44]

Further, the Court strikes any reference to "third parties" in the categories of protected information. Paragraph 16 of the protective order covers how protections may be extended to third-party's confidential information, the Court therefore will not address third parties here.

### D. Defendants' Proposed Paragraph 2d: "Defendant T and C's personnel records relating to Plaintiff and Defendant Mertz, as well as personnel files of Defendant T and C's current or former employees who are not, and are not expected to be, parties to this action."

Plaintiff proposes that this language be changed to "Defendant T and C's personnel files of Plaintiff and Defendant Mertz, as well as personnel files of Defendant T and C's current or former employees." The Court will adopt Plaintiff's proposed deletion of "who are not, and are not expected to be, parties to this action." This language is unnecessary and striking it does not substantively change what documents will be considered confidential information. Again, the Court will strike the overly-broad phrase "relating to" from the proposed category of confidential information.

---

[44] *See* Form Protective Order, at ¶ 2 ("The parties must identify specific and narrow categories of information they seek to protect, such as . . . tax returns [and] financial statements.").

### E. Defendants' Proposed Paragraph 2e: "Confidential information concerning Plaintiff, including financial, tax, employment, medical, other confidential records, and other non-public personal information."

Plaintiff proposes this language be changed to "Plaintiff's financial, tax, employment, medical, and other non-public personal information." Again, Plaintiff's only objection is to the phrase "non-public confidential information." As stated above, this language does not change what documents are considered confidential. The Court instructs the parties to review the definition of "confidential information" provided in paragraph 2 of the protective order.

The Court again strikes the phrase "concerning" from the definition of confidential information. The Court will also strike financial and tax records from the category of protected information, as such documents are already covered under paragraph 2c, which applies to both parties. The Court also strikes reference to employment information in this category of protected information, as such documents are already covered by paragraph 2d. In short, as limited by this order, besides Plaintiff's confidential medical records, all the other categories of documents proposed by the parties are encompassed in other categories of confidential information. Further, the Court finds the inclusion of "other confidential records and other non-public personal information" too broad to be included as a category of protected information.[45]

### F. Defendants' Proposed Paragraph 2f: "Records, documents, and information whose disclosure is restricted or prohibited by regulation, statute, or case law."

Plaintiff proposes no edits to this language. It will be included in the protective order as proposed by Defendant.

### V. Plaintiff's Motion for Leave to File Sur-Reply

---

[45] *See Id.* ("Language such as 'this protective order shall apply to all documents the party designates as confidential . . . is too vague and overbroad.").

16

The Court has considered, and grants Plaintiff's Amended Motion for Leave to File a Sur-Reply (Doc. 34).

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order is GRANTED.

IT IS FURTHER ORDERED that the Court will subsequently enter Defendants' proposed protective order as modified by this Order.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Leave to File a Sur-Reply is GRANTED.

Dated this April 1, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge