### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS NORMAN,              )<br>                                                  )<br>            **Plaintiff,**      )<br>                                                  )<br>v.                                              )<br>                                                  )<br>TOWN AND COUNTRY HEATING  )<br>AND AIR CONDITIONING COMPANY, )<br>LLC, et al.,                               )<br>                                                  )<br>            **Defendants.**   ) | Case No. 24-cv-2537-KHV-TJJ |

### ORDER

This matter is before the Court on Defendant Mallory Mertz's Motion to Compel Plaintiff's Written Discovery Responses (ECF No. 68). Pursuant to Fed. R. Civ. P. 37, Defendant Mertz asks the Court to overrule the objections and order Plaintiff to provide documents in response to her First Request for Production of Documents ("RFPs"). Plaintiff opposes the motion. As set forth below, Plaintiff's objections to the discovery requests are overruled as they pertain to Plaintiff's tax returns. All other issues raised in Defendant Mertz's motion are moot.

**I.      Background**

Plaintiff Douglas Norman brings this action against Defendants Town and Country Heating and Air Conditioning Company, LLC ("T&C"), and Mallory Mertz (collectively "Defendants"). Defendant Mertz ("Mertz") is the owner of Defendant T&C. Plaintiff was employed by T&C in the spring of 2023, until his termination on January 8, 2024. Plaintiff claims his termination was a result of disability discrimination (Count I), retaliation for engaging in protected activity under the Americans with Disabilities Act (Count II), age discrimination (Count III), and retaliation for opposing Defendants' alleged discriminatory actions under the Age Discrimination in

Employment Act (Count IV).  Plaintiff further alleges that after his termination Defendants informed a potential new employer of a charge of discrimination he made to the EEOC.  Plaintiff claims Defendants' disclosure resulted in the new employer withdrawing Plaintiff's job offer and amounted to tortious interference with his employment contract (Count V).[1]  Plaintiff seeks damages in the form of front and back pay; compensatory and liquidated damages under the ADEA; punitive damages under the ADA; and costs and attorney's fees.[2]

Mertz served her First Request for Production of Documents on Plaintiff on February 11, 2025.[3]  Pursuant to an agreement of the parties, Plaintiff served his responses on April 11, 2025.[4] On April 17, 2025, Defendant Mertz sent a golden rule letter to Plaintiff, and the parties discussed the issue on a telephone call on May 6, 2025.[5]  On May 12, 2025, the Court granted Mertz an extension of time, until June 13, 2025, to allow the parties to continue to confer regarding Plaintiff's objections.[6]  The parties then reached out to the Court to schedule a pre-motion conference pursuant to D. Kan. R. 37.1(a), and the Court held such conference on June 12, 2025.[7] At the conference, the Court provided its guidance to the parties, and required Plaintiff to produce a privilege log, and supplement his production to RFP No. 9 by June 27, 2025.[8]

---

[1] Plaintiff's Complaint states that this is the "Sixth Cause of Action."  However, Plaintiff only pleads, in total, five causes as action, making his tortious interference claim Count V.

[2] Pl.'s Compl., ECF No. 1.

[3] Cert. of Service, ECF No. 15.

[4] Mem. in Support of Mot. to Compel, ECF No. 69, p. 2.

[5] *Id.*

[6] Notice of Hearing, ECF No. 62.

[7] Minute Entry & Order, ECF No. 66.

[8] *Id.*

In the meantime, on June 16, 2025, Mertz filed the present Motion to Compel regarding the issues discussed at the D. Kan. R. 37.1(a) conference: Plaintiff's failure to produce a privilege log, and Plaintiff's objections to RFP No. 9.  On June 27, 2025, Plaintiff partially complied with the Court's June 13, 2025 Order and provided Defendants a privilege log.[9]  Counsel for Mertz informed the Court that the issues contained in their Motion to Compel regarding Plaintiff's privilege log had been resolved but stated the dispute regarding Plaintiff's production in response to RFP No. 9 remains ongoing.

Mertz's RFP No. 9 request Plaintiff:

> [P]rovide copies of your tax returns for tax years 2019–2024, to include your federal income tax returns, together with a fully completed and executed copy of the attached IRS Form 4506 with your original signature; your Kansas income tax returns, together with a fully completed and executed copy of the attached Kansas Department of Revenue Form DO-41 with your original signature; if applicable, your Missouri income tax returns, together with a fully completed and executed copy of the attached Missouri Department of Revenue Form 8821 with your original signature; and your tax returns filed with any other state or local taxing jurisdiction during said period of time.

At the D. Kan. R. 37.1(a) conference, and in their motion, Mertz agreed to limit her request to tax years 2021–2024 and no longer seeks authorizations from the various taxing entities.[10]  Therefore, the Court now only takes up Plaintiff's objection to producing tax returns for tax years 2021–2024.

Mertz argues Plaintiff has put his income at issue by seeking front and back pay, and she requires Plaintiff's tax returns to calculate the true measure of his economic damages.  Plaintiff maintains his objection to producing his tax returns and argues his production of W-2 forms and

---

[9] Cert. of Service, ECF No.

[10] *See* Mem. in Support of Mot. to Compel, ECF No. 69, pp. 2–3.

other documents provide Defendant Mertz with the relevant information regarding his income through less intrusive means.

## II. Legal Standards

Courts do not favor compelling production of tax returns, however, there is no absolute privilege which prevents their discovery.[11] The District of Kansas employs a two-pronged test "to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns."[12] First, the party seeking production must show the tax returns are relevant to the issues in the action.[13] If the Court determines the tax returns are relevant, then the "court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable" before ordering production.[14] The party opposing the production bears the burden of showing there are other sources from which the information contained in the tax returns is readily obtainable.[15]

## III. Analysis

This District has routinely held when a party puts their income at issue, their tax returns for the pertinent time period are relevant.[16] Plaintiff has placed his income at issue by seeking

---

[11] *Johnson v. Kraft Foods N. Am.*, 236 F.R.D. 535, 539 (D. Kan. 2006).

[12] *Id.*

[13] *Id.* (quoting *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)).

[14] *Id.*

[15] *Id.*

[16] *See id.*; *Hilt v. SFC Inc.*, 170 F.R.D. at 189 (finding tax returns for pertinent time period are relevant when plaintiff puts income at issue by seeking front and back pay); *Cont'l Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 WL 4241848, at *3 (D. Kan. Nov. 28, 2007) (finding tax returns for pertinent time period are relevant when plaintiff puts income at issue by seeking compensatory damages); *Stead v. Unified Sch. Dist. No. 259 Wichita Pub. Schs.*, No. 13-1378-DDC, 2014 WL 2815526, at *2 (D. Kan. June 23, 2014) (finding tax returns for pertinent time period are relevant when plaintiff puts income at issue by seeking lost wages).

economic damages in the form of front and back pay.[17]  Therefore, the Court finds Defendant Mertz has met her burden of showing the tax returns are relevant to the issue of damages.  Because Defendant Mertz has shown the relevance of the tax returns, the burden now shifts to Plaintiff to show other sources exist from which Defendant Mertz may readily obtain the information.

The party resisting disclosure of their tax returns "must affirmatively show that other sources indeed exist from which the requesting party can glean the desired information.  Conclusory statements that the damage calculation information is in other produced documents or available from identified witnesses does not suffice."[18]  To show the information Plaintiff seeks is available through other sources, Plaintiff merely states that his "wages from T&C are already documented through Defendants' own payroll records, and Plaintiff's wages from other employers after his termination from T&C are documented through W-2 forms provided to Defendant."[19]  However, Defendants' own payroll records only show Plaintiff's earnings through his employment with Defendant T&C, and his W-2s from other employment may not account for the entirety of Plaintiff's income stream.  The select set of information provided by Plaintiff would not

---

[17] *See Hilt*, 170 F.R.D. at 189 ("Plaintiff claims economic losses.  She seeks back and front pay.  She has put her income at issue."); *Johnson*, 236 F.R.D. at 539.

[18] *Cont'l Coal*, 2007 WL 4241848, at *4; *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. CIV.A.94-2395-GTV, 1995 WL 625962, at *12 (D. Kan. Oct. 5, 1995).

[19] Pl.'s Resp. to Def. Mertz's Mot. to Compel, ECF No. 81, p. 5.  Plaintiff additionally makes a similar but distinguishable argument that the information he has already provided adequately allows Defendants to calculate damages as his claims for front and back pay are *only* "based on his earning at [T&C] in 2024 and 2025 or future wages from All Climate Refrigeration."  Pl.'s Resp. to Def. Mertz's Mot. to Compel, ECF No. 81, p. 5.  First, Plaintiff's argument is irrelevant to whether the information contained in Plaintiff's tax returns is otherwise readily available, as is his burden to show.  Next, Plaintiff's Complaint does not make such a distinction and simply states he seeks awards of front and back pay.  *See* Pl.'s Compl., ECF No. 1, p. 17.  And finally, Plaintiff's argument miscomprehends the relevant considerations made when calculating front and back pay damages, as "[b]ack pay and front pay both represent 'compensation for lost wages over a continuum of time.'. . . Calculating such awards should be done 'with the aim to make plaintiffs whole without creating a windfall.'" *Stuart v. City of Topeka, Kan.*, No. 23-CV-02021-TC, 2025 WL 1168338, at *6 (D. Kan. Apr. 22, 2025) (quoting *Tudor v. Se. Okla. State Univ.*, 13 F.4th 1019, 1040–41 (10th Cir. 2021)).

necessarily include all sources of Plaintiff's income nor would it adequately allow Defendants to calculate the true measure of Plaintiff's economic damages. Having failed to make an affirmative showing that the information contained in Plaintiff's tax returns is otherwise available, Plaintiff shall produce his tax returns for years 2021–2024.

An affidavit of Plaintiff, Douglas S. Norman, is attached as Exhibit A to his response.[20] In the affidavit, Plaintiff states he currently does not have copies of his tax returns. Plaintiff states his taxes were prepared by Stacy Wes, CPA, and he has unsuccessfully contacted Mr. Wes's office on numerous occasions to obtain copies of his tax returns. The affidavit shows that at the time of the filing of the response, the requested tax returns were not within Plaintiff's possession, custody, or control. The Court therefore orders Plaintiff to continue his good faith efforts attempts to obtain his tax returns for years 2021–2024 with due diligence and once obtained to promptly forward them to Mertz. However, Defendant Mertz may also issue a subpoena to the appropriate person or entity to obtain the tax returns, and in that event, Plaintiff shall cooperate to facilitate delivery of the tax returns to Mertz.

Finally, the Court is sympathetic to Plaintiff's privacy concerns related to the production of his tax returns, and the personal information contained therein. Plaintiff's tax returns shall be marked as confidential and treated as such under the terms of the Protective Order (ECF No. 36).

**IT IS THEREFORE ORDERED** that Defendant Mallory Mertz's Motion to Compel Plaintiff's Written Discovery Responses is GRANTED to the extent it pertains to production of Plaintiff's tax returns for years 2022–2024 and is denied as moot as to all other issues raised therein.

---

[20] Pl.'s Resp. to Def. Mertz's Mot. to Compel, ECF No. 81-1.

**IT IS FURTHER ORDERED** that Plaintiff shall produce his tax returns for years 2021–2024 immediately, and if unable to do so, shall cooperate relative to Mertz's subpoena of the tax returns from Plaintiff's accountant.

**IT IS SO ORDERED.**

Dated August 6, 2025, at Kansas City, Kansas.

　　　　　　　　　　　　　　　　　　　　　　／s／ Teresa J. James
　　　　　　　　　　　　　　　　　　　　　　Teresa J. James
　　　　　　　　　　　　　　　　　　　　　　U. S. Magistrate Judge